# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BERNARD FRACTION, <br><br> Plaintiff, <br><br> vs. <br><br> RANDY JAMES, and VANDELAY INVESTMENTS, <br><br> Defendants. | 8:17CV101 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff filed his Complaint on March 24, 2017. (Filing No. 1.) He has been given leaven to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff sues Defendants Randy James ("James") and Vandelay Investments. (Filing No. 1 at CM/ECF p. 1.) According to Plaintiff, James represents Vandelay Investments. (*Id*.) Plaintiff alleges that Defendants illegally seized his property in Omaha, Nebraska using false documentation. (*Id*.) Plaintiff claims that he filed charges against Defendants for fraud because "there were none of the prerequisites filed with Douglas County Treasure [sic] Office as required by law." (*Id*.) He alleges that the Omaha Police Department will take no action, allowing Defendants to continue to remove and destroy his property. (*Id*.) Plaintiff asserts that he suffers from extreme duress because Defendants violated his "personal and Civil Rights." (*Id*. at CM/ECF p. 2.)

## II. APPLICABLE STANDARDS OF REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

The court understands Plaintiff to be challenging a state-court proceeding concerning the issuance of a forcible entry and detainer judgment.[1] Because

---

[1] PDF of JUSTICE document for *Vandelay Investments, L.L.C. v. Fraction*, Douglas County Court Case No. CI 13-23063, *at*

Plaintiff is attempting to collaterally attack a state-court judgment, the court lacks subject matter jurisdiction over this matter. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) (collectively, the *Rooker-Feldman* doctrine). *See e.g.*, *Martinez v. Federal Deposit Insurance Corporation*, 91 F.3d 138 (5th Cir. 1996).

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice.

2. The court will enter judgment by separate document.

Dated this 1st day of May, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

https://www.nebraska.gov/justice//case.cgi; *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.